DREW, J.,
dissenting:
| Respectfully, I must dissent from the denial of rehearing.
In La. R.S. 14:2(B), there is no requirement that crimes of violence must involve the intentional use of force against a victim.
The crime of vehicular homicide is a defined crime of violence, in that it is “an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.” (Emphasis added.)
At the time of the commission of this crime, February 8, 2009, there were 41 listed crimes of violence, plus dozens, if not hundreds of defined crimes of violence. Several of these offenses at that *615 time did not require that a defendant intentionally use physical force against a victim.[1]
The sentence is harsh for a first offender, but these are horrific facts.
The trial court’s sentence should be affirmed for several reasons, including:
• the defendant’s extremely high BAC,
• two injured victims, one of whom died, plus a host of bereaved family members,
• the fact that the defendant fled the scene, and
12* the benefit accruing to the defendant by the dismissal of the other charge, in exchange for the plea of guilty.
My appraisal of this sad case is buttressed to a great extent by a recent ruling of the Louisiana Supreme Court, State v. LeBlanc, 2009-1355 (La.7/6/10), 41 So.3d 1168.[2]
Accordingly, and with respect, I dissent from the denial of rehearing.

. Examples: Second degree murder, La. R.S. 14:30.1(A)(3) and (4); Manslaughter, La. R.S. 14:31(A)(2)(a); Extortion, La. R.S. 14:66; and Stalking, La. R.S. 14:40.2.

. A comparison of some of the facts of the instant case, as compared with the facts in State v. LeBlanc, supra:
• LeBlanc had 12 initial charges, but was allowed to plead guilty to vehicular homicide and three misdemeanor counts of vehicular negligent injury;
• Oliphant was originally charged with vehicular homicide and hit and run, but was allowed to plead to vehicular homicide, with the hit and run being dismissed;
• LeBlanc was sentenced to the maximum 30 years at hard labor, with three years of the sentence to be served without benefits;
• Oliphant was sentenced to 25 years at hard labor, with 15 years to be served without benefits, plus a $10,000 fine or one year of default jail time;
• Each defendant fled the scene of his accident; and
• There was no agreement as to sentence in either case.